I I omitted to state that this is the opinion of a majority of the court; the court is not unanimous.

Mr. Thurstin: "I would suggest that there would be difficulty in working out this judgment which the court has rendered, and perhaps the court can aid us in respect to that. Long before the term had expired—that is, the term of fifteen years—the owner of this property had found it necessary, in order to make it available at all, to reconstruct the building, and it was reconstructed for the purpose of getting a tenant. While the court has said that the value of the building for business purposes at the end of fifteen years at seventy per cent. was to be taken, of course it would be grossly unfair to leave out the improvements which he was compelled to make upon it in order to make it available at all."

Parker, J.: "We have considered that the value of the building, as originally constructed by the plaintiff, subject to reasonable wear and tear, is to be the basis. The plaintiff would not be entitled to any improvements put upon it subsequently by the lessors to make it available for their purposes."

Haynes, P. J.: "I simply occupy this position in this case at present: I neither assent nor dissent; but inasmuch as a majority of the court are of the opinion that the case should go forward, I thought they should deliver the opinion, and as the case progresses I will look into it further. I am inclined to the view at the present time that the plaintiff has no equity, but I do not want to conclude myself one way or the other upon that question at the present time."

---

## BROKERS.

[Cuyahoga (8th) Circuit Court, June 1, 1903.]

Hale, Marvin and Winch, JJ.

### P. C. Joecken v. Cuyahoga Savings & Banking Company et al.

Stockbroker not Subject to Stockholder's Statutory Liability.

Where a broker and member of the stock exchange, holding stock endorsed in blank with instructions to sell for the best price obtainable, offers it on the exchange and it is bid off by another broker and member who pays for it

with his own check, stating that he is buying for another, but not disclosing his principal's name, and then delivers the stock to his principal, the purchasing broker, is not at any time the legal or equitable owner of such stock, nor subject to a stockholder's statutory liability thereon.

APPEAL from the court of common pleas.

M. B. & H. H. Johnson, for plaintiff.

A. G. Carpenter, for defendant, Carpenter.

F. A. Henry, for defendant, Lamprecht Bros. & Co. ·

## WINCH, J.

In April, 1901, Dr. E. G. Carpenter was the owner of five shares of stock in the Cuyahoga Savings & Banking Company, represented by a certificate of stock issued in his name. Said certificate of stock, endorsed in blank, was left for sale with H. C. Studley, a broker and member of the Cleveland stock exchange, with instructions to sell it for the best price he could get, and on April 9, 1901, Studley sold it at the stock exchange to Lamprecht Brothers & Company, who were also brokers and members of said stock exchange. They had an order from one R. N. Pollock to buy this stock for him, but did not disclose this fact to Studley, although they told him they were buying for a client. The certificate endorsed as aforesaid, accompanied by a memorandum as follows: "Cleveland, April 17, 1901, H. C. Studley & Co., sold to Lamprecht Bros. & Co. five shares Cuyahoga Savings & Banking Co. at 105, $525," was delivered to Lamprecht Brothers & Company, who thereupon gave to Studley their check for the amount of the purchase price.

Immediately thereafter Lamprecht Brothers & Company notified said Pollock that they had purchased said stock for him, and he paid them for it and it was delivered to him.

No transfer of the stock was ever entered upon the books of the banking company.

Pollock died insolvent, and the bank becoming insolvent, this action was begun to subject the stockholders' liability to the payment of its debts.

Carpenter being made party to this suit, brought in Lamprecht Brothers & Company, and we are asked, upon the foregoing facts, to find Lamprecht Brothers & Company liable as stockholders.

Section 3259 Rev. Stat., defines the word "stockholders" and says that it shall be held to apply not only to such persons as appear by the books of the corporation to be such, but to any equitable owner of stock, although the stock appears on the books of the corporation in the name of another.

As Lamprecht Brothers & Company never appeared on the books of the company as stockholders, the only question remaining is whether or not they were ever equitable owners of stock.

It is apparent that they never had any beneficial interest in the stock. Acting under a commission from Pollock, they purchased the stock for his account and immediately delivered it to him. They were Pollock's intermediaries on the exchange and in the negotiations with Studley. The fact that they did not disclose to Studley who they were acting for, in nowise affects the ownership of the stock, whatever rights Studley might have had against them on that account, had they or their principal refused to pay for the stock. They never held themselves out as stockholders to the bank or its creditors. From aught that appears in the record, neither the representatives of the bank nor its creditors are now claiming them to be such, but Carpenter seeks to shift his responsibility to them. Whether, in an action brought by Carpenter against Lamprecht Brothers & Company to indemnify him on his stockholder's liability, Lamprecht Brothers & Company would be estopped from denying their obligation because they neglected to disclose the name of the principal for whom they were acting as agent, we are not called upon to decide; but in such action it would seem that the conduct of the vendor of the stock in endorsing the certificate in blank and offering it on the open market, to pass by delivery, without proviso as to the solvency of any possible purchaser, would work a counter estoppel and leave the vendor without equity, and it has been so held. Boultbee v. Gzowski, 24 Ont. App. 502.

The facts in this case do not warrant the conclusion that Lamprecht Brothers & Company were ever the owners of said five shares of stock of the Cuyahoga Savings & Banking Company. Substantially the same facts appear with reference to the transfer to them of five shares of stock owned by Robert W. Boyd and ten shares owned by J. A. Melcher.

Judgment is entered accordingly, both in this case (No. 3015) and in case No. 3024.